IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCOS TAVAREZ,<br><br>Defendant. | Case No. CR 15-688-DSF<br><br>ORDER OF DETENTION |

I.

On November 9, 2016, Defendant made his initial appearance on the First Superseding Indictment filed in this matter and requested a continuance of the detention hearing. The Court conducted a detention hearing on November 14, 2016:

The Court conducted a detention hearing:

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ nature and circumstances of alleged offense
- ☒ Lack of SIGNIFICANT bail resources, to include a secured bond
- ☒ Lack of economic ties to the Central District - unemployed
- ☒ Failure to Appear for DMV citation in June 2016
- ☒ Unrebutted Presumption

As to danger to the community:

☒ Criminal History is dated but includes misdemeanor convictions for possession of marijuana, and possessing/manufacturing/selling dangerous weapon and battery

☒ Allegations in present charging document which include conspiracy to possess with intent to distribute significant quantities of methamphetamine; defendant is alleged to have coordinated the delivery and sale of firearms for use by the alleged criminal enterprise, sold firearms to a confidential informant and sold methamphetamine to a confidential informant.

☒ Substance abuse history – defendant admits to daily use of Marijuana and prior use of cocaine.

☒ Defendant admits to being an ex gang member

☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: November 14, 2016          ____/s/_____
                                  HON. ALKA SAGAR
                                  UNITED STATES MAGISTRATE JUDGE